IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ERWOOD, )
         Plaintiff, )
)
vs. ) Civil Action No. 14-1284
) Chief Magistrate Judge Maureen P. Kelly
LIFE INSURANCE COMPANY OF )
NORTH AMERICA; WELLSTAR ) ECF No. 26
HEALTH SYSTEM, INC.; GROUP LIFE )
INSURANCE PROGRAM, )
         Defendants. )

## OPINION

**KELLY, Chief Magistrate Judge**

Plaintiff Patricia Erwood brings this action to recover life insurance benefits under a benefit plan ("the Plan") established by WellStar Health System on behalf of its employees, including her deceased husband, Dr. Scott Erwood. The Plan is funded by a group life insurance policy purchased by WellStar from Defendant Life Insurance Company of North America ("LINA"), as part of an employee benefit plan established pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* LINA both insures the Plan and handles all claims administration on behalf of the Plan. According to the Complaint, upon Plaintiff's claim for benefits, LINA denied coverage, alleging the decedent's policy had lapsed a year before his death. Plaintiff has exhausted all administrative remedies, and seeks relief in the form of payment of the benefits allegedly owed under the policy.

Pending before the Court is Defendants LINA and WellStar's Motion to Transfer Venue (ECF No. 26), pursuant to 28 U.S.C. § 1404(a), seeking to transfer this action to the United

States District Court for the Northern District of Georgia. For the following reasons, the Motion to Transfer Venue [ECF No. 26] is DENIED.

## I. DISCUSSION

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), when, as here, the action may be brought in both the original and the requested venue. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The United States Court of Appeals for the Third Circuit has held that the burden of establishing the need for transfer in Section 1404(a) motion rests with the movant, and, "in ruling on defendants' motion, the plaintiff's choice of venue should not be lightly disturbed." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Courts have "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." Id., at 883 (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30–31 (1988)).

In making this determination, a court must balance several private and public interest factors weighing in favor of or against transfer. Id. The following private interest factors are to be considered: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) convenience of the parties as indicated by their physical and financial condition; (5) convenience of the witnesses (to the extent that they may be unavailable for trial in one of the fora); and (6) location of the evidence. Id. In an action where the court is interpreting federal law, the relevant public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) relative administrative difficulty in the two fora resulting from court congestion;

and (4) local interest in deciding local controversies at home. <u>Barbato v. Greystone Alliance, LLC</u>, 992 F. Supp. 2d 398, 399-400 (M.D. Pa. 2014), (citing <u>Jumara</u>, 55 F.3d at 879–80).

In weighing these factors, the Court notes that Plaintiff filed this action in the United States District Court for the Western District of Pennsylvania pursuant to ERISA's broad venue provisions. Section 502(e)(2) of ERISA provides:

> Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found....

29 U.S.C. § 1132(e)(2).

Plaintiff acknowledges, and Defendants agree, that she resides in Georgia and that WellStar, Dr. Erwood's former employer, is a Georgia corporation, with no offices or employees in Pennsylvania. The parties also acknowledge that Georgia is the location where LINA entered into an Agreement with WellStar to insure benefits and review claims brought by WellStar employees and their beneficiaries. Defendants assert that transfer to Georgia is warranted because WellStar administered Dr. Erwood's employee benefits in Georgia, which is also the location of all communications between WellStar and Dr. and Mrs. Erwood.

Defendants concede, however, that pursuant to the Agreement, LINA reviewed Mrs. Erwood's claim for benefits "out of a location in Pennsylvania." (ECF No. 27). Plaintiff clarifies and argues that venue is proper in Pennsylvania, where LINA is headquartered, and in Pittsburgh, the location of the United States District Court for the Western District of Pennsylvania, where the claim was administered and denied. Based upon the parties' representations, in weighing private considerations, it is clear that key documents and witnesses to the dispute are located in both venues, rendering party and witness convenience, expense and travel factors less pivotal. <u>Id.</u> at 25.

3

With regard to public factors, the parties agree that ERISA claims are non-jury matters, and in the experience of this court, typically are resolved on motions for summary judgment. Thus court convenience and docket are not weighty factors in favor of transfer. Similarly, while WellStar may not have assets in Pennsylvania, it appears that Plaintiff may enforce a judgment entered against it in this district in Georgia pursuant to either 28 U.S.C.A. § 1963 or the "Uniform Enforcement of Foreign Judgments Law," Ga. Code Ann. § 9-12-130, which permits enforcement in Georgia of any "judgment, decree, or order of a court of the United States." Accordingly, enforceability of the judgment is not a factor weighing in favor of transfer.

In sum, this Court's review of the public and private considerations reveals that the only consideration tipping in favor of transfer appears to be the Defendants' preference to litigate this action in Georgia. It is apparent, however, that Defendants have not met their burden to establish that transfer is warranted such that Plaintiff's choice of venue should be disturbed.

## II. CONCLUSION

For the foregoing reasons, the motion [ECF No. 26] is DENIED. An appropriate Order follows.

## ORDER

AND NOW, this this 12th day of January 2015, upon consideration of Defendants' Motion to Transfer Venue [ECF No. 26], and the briefs filed in support and in opposition thereto, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that Defendants' Motion to Transfer Venue is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.C.2, the parties are permitted to file written objections within fourteen (14) days. Failure to

timely file objections will waive the right to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                            BY THE COURT:

                            <u>/s/ Maureen P. Kelly</u>
                            MAUREEN P. KELLY
                            CHIEF UNITED STATES MAGISTRATE JUDGE

cc:    All counsel of record by Notice of Electronic Filing